No. 24-7746

# In the United States Court of Appeals
# for the Ninth Circuit

NATIONAL COALITION FOR MEN, A 501(C)(3) NON-PROFIT ORGANIZATION, ET. AL.,

*Plaintiff-Appellants,*

v.

SELECTIVE SERVICE SYSTEM, JOEL C. SPANGENBERG, AS ACTING DIRECTOR OF SELECTIVE SERVICE SYSTEM, DOES, 1-50, INCLUSIVE,

*Defendant-Appellees.*

On Appeal from the United States District Court
for the Central District of California
No. 2:24-cv-04016-AB-E
Hon. Andre Birotte Jr.

## APPELLANT'S REPLY BRIEF

Nadine Lewis, Esq., SBN 179979
NADINE LEWIS, ATTORNEY AT LAW
1305 Pico Boulevard
Santa Monica, California 90405
Office Telephone: 424.228.5109
Email: nadine@nadine.esq

*Attorney for Plaintiffs - Appellants*

# TABLE OF CONTENTS

                                                           Page

TABLE OF CONTENTS ................................................................................... i

TABLE OF AUTHORITIES ............................................................................ ii

APPELLANT'S REPLY BRIEF ....................................................................... 1

    Introduction ................................................................................................ 1

    ARGUMENT ............................................................................................. 2

        I.   The Memorandum Noted in Defendant's Brief Undermines Any Legitimate Interest in a Male-Only Draft by Confirming the Military's Shift to Gender-Neutral Standards .................................................................... 2

       II.   Plaintiffs Have Standing Based on Ongoing Legal Obligations and Imminent Risk of Enforcement .......................... 4

       III.  The Present Matter Is Distinguished From *Rostker* Because Its Sole Justification, The Exclusion Of Women From Combat, Has Been Eliminated ............................. 7

    Conclusion ............................................................................................... 12

CERTIFICATE OF COMPLIANCE ........................................................... 14

CERTIFICATE OF SERVICE .................................................................... 15

# Table of Authorities

Page

**Cases:**

*Babbitt v. United Farm Workers*
   442 U.S. 289 (1979) ............................................................................. 6

*Havens Realty Corp. v. Coleman*
   455 U.S. 363 (1982) ............................................................................. 6

*Heckler v. Mathews*
   465 U.S. 728 (1984) ............................................................................. 5

*Ne. Fla. Chapter of Associated Gen. Contractors v. Jacksonville*
   508 U.S. 656 (1993) ............................................................................. 5

*Planned Parenthood v. Casey*
   505 U.S. 833 (1992) ........................................................................... 11

*Rostker v. Goldberg*
   453 U.S. 57 (1981) ........................................................................... 1, 7

*S. Carolina v. Katzenbach*
   15 L. Ed. 2d 769 (1966) .................................................................... 11

*Shelby Cnty. v. Holder*
   570 U.S. 529 (2013) .......................................................... 7, 8, 9, 11

*U.S. v. Virginia*
   518 U.S. 515 (1996) .................................................................. 10, 11

**Statutes:**

50 U.S.C. § 3802 .................................................................................... 4

**Constitutions:**

U.S. Const., 5th Amend. .......................................... 3, 4, 8, 9, 11, 12

## Appellant's Reply Brief

## Introduction

There can be no dispute that the male-only registration requirement of the Military Selective Service Act ("MSSA" or "Act") is the last bastion of discrimination on the basis of sex codified in federal law. Those in Congress who seek to defend and uphold this bulwark stand in opposition to the very study they commissioned and funded (National Commission on Military, National, and Public Service Final Report 2020). Congressional inaction related to the registration for the draft threatens our national security while enforcing archaic gender-based stereotypes.

The District Court determined that the individual Plaintiffs have standing and that NCFM has associational standing. Defendants argued that Court erred, and Plaintiffs respectfully request this Court reject their argument as unfounded.

Plaintiffs argue that in light of the Department of Defense's (DoD) 2013 decision to remove gender-based combat restrictions, enlisted men and women are currently similarly situated. Therefore, the Act's male-only registration requirement does not serve a legitimate government interest. In their responsive brief, Defendants rely upon the outdated rationale in *Rostker v. Goldberg*, 453 U.S. 57 (1981). The factual predicate of *Rostker* has been completely eroded, making the present matter dis-

tinguished from *Rostker*. With the legal basis for male only registration inapplicable, Defendants must treat all sexes equally and draw to a close discrimination on the basis of sex as codified in the Act.

Therefore, Plaintiffs respectfully assert that the District Court's ruling warrants reversal as the foremost question in this appeal was not contemplated in *Rostker* since the military landscape was fundamentally altered military after the DoD eliminated all gender-based combat restrictions, creating parity between men and women in military service.

## ARGUMENT

### I. The Memorandum Noted in Defendant's Brief Undermines Any Legitimate Interest in a Male-Only Draft by Confirming the Military's Shift to Gender-Neutral Standards

Defendants noted in their brief that during the pendency of this appeal, the Secretary of Defense issued a memorandum that required "[a]ll entry-level and sustained physical fitness requirements within combat arms positions "be" sex-neutral."[1] Defendants argued that the memorandum is not relevant to the present appeal. However, Plaintiffs assert that the memorandum mandating sex-neutral physical fitness standards for combat arms positions is highly relevant to Plaintiff's appeal.

---

[1] Memorandum from the Sec'y of Def. to the Sec'ys of the Military Dep'ts 2 (Mar. 30, 2025), https://perma.cc/NV9C-LLLN.

The central claim in Plaintiffs' Complaint is that the male-only registration requirement violates the Fifth Amendment. The government historically defended this requirement by citing the exclusion of women from combat roles. However, that justification was already severely undermined by the 2015 and 2016 policy changes that opened all combat roles to women. Now, the Secretary of Defense's recent memorandum further undercuts any remaining justification for male-only registration by mandating sex-neutral physical standards. The memorandum eliminated the last meaningful distinction in qualifying criteria between men and women in combat roles. If combat roles open to women are governed by sex-neutral standards, the government no longer has a rational basis to mandate a male only draft.

This memo is additional evidence that gender-based exclusions from combat are not legally relevant. It mandates that women in combat must meet identical requirements to that of men.

This policy change illustrates that military policy is actively evolving to eliminate sex-based distinctions and that Congress has failed to evolve accordingly. This bolsters Plaintiffs' claim that the Act's male-only registration requirement is anachronistic and unconstitutional.

The directive from the Secretary of Defense affirms the present reality of the military where sex-based exclusions from combat roles have been completely eliminated and demands that all service members are held to the same physical standards. The memorandum eliminated any

3

remaining rationale basis for Congress to assert that male-only registration serves an important governmental interest. The Act's male-only registration requirement stands in stark contrast to the DoD's commitment to sex-neutral standards and is therefore unconstitutional under the Fifth Amendment.

## II. Plaintiffs Have Standing Based on Ongoing Legal Obligations and Imminent Risk of Enforcement

The government's argument that Plaintiffs lack standing mischaracterizes the nature of their injury. Plaintiffs suffer ongoing legal injury from a discriminatory federal law that imposes unequal obligations and consequences solely on the basis of sex. Therefore, the District Court rightly found that Plaintiff's meet all requirements for standing.

The individual Plaintiffs suffered a concrete, ongoing injury from the male-only draft registration requirement, including the penalties they may face if they fail to maintain and update their records with the Selective Service Administration. The registration requirement imposes a present legal obligation on all male citizens aged 18–25 under the Military Selective Service Act (MSSA or Act), 50 U.S.C. § 3802. This is not a hypothetical nor speculative injury, rather it is a statutory mandate that currently applies to the individual Plaintiffs and similarly situated males. By contrast, women face no such legal burden, creating a discriminatory, unequal legal requirement with dire penalties to men, which it-

self is sufficient injury for standing in equal protection cases. "When the government subjects a group to unequal treatment under the law, the injury is the denial of equal treatment itself." *Heckler v. Mathews*, 465 U.S. 728, 739–40 (1984). In order to establish standing for purposes of the constitutional "case or controversy" requirement, a plaintiff must show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant and that the injury is likely to be redressed by a favorable decision. *Id.* at 738.

Courts have consistently recognized that the existence of a discriminatory legal obligation, regardless of actual enforcement, is enough for standing in equal protection cases. "The injury in fact in an equal protection case is the denial of equal treatment resulting from the imposition of the barrier." *Ne. Fla. Chapter of Associated Gen. Contractors v. Jacksonville*, 508 U.S. 656, 666 (1993).

The risk of enforcement is an injury as the failure to register carries legal consequences, including: loss of eligibility for federal student aid, restriction of driver's license in thirty-one states, denial of security clearance, denial of federal employment, and criminal prosecution with hefty fines. These sanctions can be permanent, creating an imminent risk of injury for any male who might seek these benefits. The existence of a statutory enforcement framework tied to sex alone is enough to meet the "injury in fact" requirement, particularly when the injury is ongoing.

5

Defendants argue that Plaintiffs lack a "concrete" or "imminent" injury, however the unequal treatment under an actively enforced statute is itself the injury. Plaintiffs are not required to refuse to comply and risk prosecution in order to challenge the law. "One does not have to await the consummation of threatened injury to obtain preventive relief. If the injury is certainly impending, that is enough." *Babbitt v. United Farm Workers*, 442 U.S. 289, 298 (1979).

Standing for NCFM is also established. NCFM has associational standing on behalf of its members, many of whom are subject to the male-only registration requirement. NCFM has both associational and organizational standing. It represents members subject to the discriminatory law, and it has diverted resources in direct response to the male-only requirement. Under *Havens Realty Corp. v. Coleman*, 455 U.S. 363 (1982), that resource diversion independently satisfies the "injury-in-fact" requirement.

Defendants' position would create a barrier to judicial review of discriminatory laws that cause immediate legal harm. Therefore, Plaintiffs respectfully request this Court affirm the District Court's standing determination. The government offers no compelling basis for reversal on this point.

### III. The Present Matter Is Distinguished From *Rostker* Because Its Sole Justification, The Exclusion Of Women From Combat, Has Been Eliminated.

Defendants' arguments failed to acknowledge that the Court's decision in *Rostker* did not announce a timeless rule; it was explicitly fact-based. *Rostker* was not a broad holding that sex-based registration is always constitutional. Rather, it was explicitly grounded in the combat exclusion. The Supreme Court made clear that its holding was dependent upon the ineligibility of women in combat roles.

The Supreme Court's decision in *Rostker v. Goldberg*, 453 U.S. 57, upholding the male-only registration requirement, was solely based upon the exclusion of women in combat. The Court emphasized that "[t]he existence of the combat restrictions clearly indicates the basis for Congress' decision to exempt women from registration," and concluded that men and women were not "similarly situated" for purposes of Selective Service obligations. *Id.* at 77–78. In 2015, the military formally opened all combat roles to women, and in 2023, the Secretary of Defense issued a memorandum requiring sex-neutral physical fitness standards for combat. These developments eliminate the very distinction upon which *Rostker* turned. As the Court has made clear, "[a] statute's current burdens must be justified by current needs." *Shelby Cnty. v. Holder*, 570 U.S. 529, 553 (2013). When the factual predicate underlying a constitutional holding has been fundamentally altered, that precedent cannot control. The

male-only registration requirement now relies on a sex-based classification that no longer bears any relation to actual military policy or readiness needs and thus fails to survive even intermediate scrutiny under the Fifth Amendment.

Equal protection analysis requires current facts, not outdated assumptions. Courts are not bound to follow precedent where the facts that supported the earlier ruling have changed fundamentally. In *Shelby Cnty. v. Holder*, 570 U.S. 529, the Court held that a previously constitutional statute became unconstitutional due to changed circumstances; the same rationale applies here.

The District Court erred in holding that it was powerless to act in the face of controlling Supreme Court precedent. *Rostker v. Goldberg* does not announce a rule that sex-based Selective Service registration is per se constitutional; rather, it upheld the statute because women were categorically excluded from combat. That factual predicate no longer exists. Women now serve in all military roles, including combat, and are subject to the same physical standards as men. As such, the Selective Service System no longer operates in the factual landscape that *Rostker* addressed.

This Court is not being asked to disregard precedent, but to apply *Rostker* faithfully to today's circumstances and under those circumstances, the constitutional analysis must change. When the foundational

facts of a prior decision collapse, the precedent itself no longer governs. *Shelby Cnty. v. Holder*, 570 U.S. at 556 ("In assessing the constitutionality of a statute, we must look at current conditions.").

Defendants' argues that the District Court held that it could not "disregard or overrule" *Rostker*, even though the factual underpinning has changed. This reflects a misunderstanding of the Court's obligation. Lower courts cannot overrule Supreme Court precedent but they must not apply that precedent where it no longer controls. In *Shelby Cnty. v. Holder*, 570 U.S. 529, the Supreme Court invalidated a statute that had been upheld decades earlier, emphasizing that constitutional scrutiny must be based on "current conditions," not outdated assumptions. *Id.* at 553.

Courts routinely distinguish prior rulings when the factual predicate no longer exists. That is precisely the case here: *Rostker* was not a blanket endorsement of sex-based registration, but a fact-specific ruling grounded in policies that have since been completely eliminated by the military itself.

Accordingly, this Court should hold that the male-only Selective Service registration requirement violates the Fifth Amendment's equal protection component and is no longer constitutionally justified under the framework established in *Rostker*. With the factual and legal basis for sex-based registration having been eliminated by military policy changes, the current system cannot withstand even intermediate scruti-

ny. The government can no longer demonstrate that a sex-based classification relates to an important government interest, particularly where the military itself mandates sex-neutral standards.

This Court should declare that the Military Selective Service Act, as currently enforced, unconstitutionally discriminates on the basis of sex. The Court need not dictate how to remedy the constitutional violation; however, it can and should direct that any future operation by the Selective Service System must comply with equal protection principles, either by requiring registration regardless of sex or by eliminating the requirement altogether.

As the Supreme Court noted in *United States v. Virginia*, "[n]either federal nor state government acts compatibly with the equal protection principle when a law or official policy denies to women, simply because they are women, full citizenship stature." *U.S. v. Virginia*, 518 U.S. 515, 532 (1996). The continued enforcement of male-only registration stands in direct violation of that principle.

Lower courts must follow precedents set by higher courts, including the Supreme Court. However, this obligation is not absolute. Lower courts are only bound to follow Supreme Court precedents if the legal and factual circumstances of the current case are the same as those in the precedent case. If the facts or legal issues have changed, the lower court can distinguish the case from the precedent. While the doctrine of stare decisis ensures consistency and predictability in the law, it is not

rigid. Lower courts are not forced to blindly follow precedent; they must carefully analyze the facts and legal issues to determine if the precedent is distinguished.

In *Planned Parenthood v. Casey*, 505 U.S. 833 (1992), the Court recognized that factual developments can affect the continuing vitality of constitutional precedent. More recently, in *Shelby Cnty. v. Holder*, 570 U.S. 529, the Court struck down a law that had been upheld decades earlier (*South Carolina v. Katzenbach*, 1966), because "the conditions that originally justified these measures no longer characterize voting in the covered jurisdictions."

Just as *Shelby* recognized that changing facts rendered an old precedent inapplicable, this Court should be compelled to recognize that *Rostker* no longer applies. The Court should further be compelled to find that the present matter is distinguished from *Rostker* because its sole justification, the exclusion of women from combat, has been eliminated.

Continuing to enforce a male-only registration requirement in today's military environment, where men and women are equally subject to combat service and held to identical physical standards, violates the Fifth Amendment. As the Supreme Court stated in *U.S. v. Virginia*, 518 U.S. 515, 533 (1996), the government "must not rely on overbroad generalizations about the different talents, capacities, or preferences of males and females." The government's continued reliance on *Rostker* un-

11

der these conditions perpetuates exactly the kind of sex-based classification that is now unsupported by fact and is therefore constitutionally impermissible.

Given the complete erosion of the justification for sex-based registration, the Court should hold that the male-only provision of the Military Selective Service Act is discrimination on the basis of sex in violation of the Fifth Amendment.

## Conclusion

Defendants' brief failed to justify the District Court's application of *Rostker*. The male-only registration requirement of the Military Selective Service Act is an outdated relic of a bygone era that no longer reflects the reality of modern military policy and practice. Since the Supreme Court's decision in *Rostker v. Goldberg*, all combat roles have been opened to women, and the Department of Defense has adopted sex-neutral physical standards for military service. The factual predicate that once justified a sex-based registration requirement has been fully dismantled. Women currently service in every capacity in the military from the fields of combat to Four Star General, thus continued enforcement of male-only registration violates the Fifth Amendment. The District Court rightly decided that both the individual and organizational Plaintiffs have standing to challenge this discriminatory law, and the government's arguments to the contrary are unfounded. This Court

should reverse the District Court's Judgment and hold that the Military Selective Service Act is unconstitutional discrimination of the basis of sex.

                                        Nadine Lewis, Attorney at Law
                                        Respectfully submitted,

Dated: May 8, 2025            By:  /s/ Nadine Lewis

                                        *Attorney for Plaintiffs - Appellants*

13

## CERTIFICATE OF COMPLIANCE

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains **2,567 words**, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface, **14-pt Century Schoolbook**, using TypeLaw.com's legal text editor.

Dated: May 8, 2025            By: /s/ Nadine Lewis

## Certificate of Service

I hereby certify that I electronically filed the foregoing **APPELLANT'S REPLY BRIEF** with the Clerk of the Court by using the Appellate CM/ECF system on **May 8, 2025**. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

                                                Nadine Lewis, Attorney at Law

                                                Respectfully submitted,

Dated: May 8, 2025                    By: /s/ Nadine Lewis

                                                *Attorney for Plaintiffs - Appellants*