**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 4 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

NATIONAL COALITION FOR MEN, a 501(c)(3) non-profit organization; TYLER MCNAMARA, an individual; CONOR MCKIERNAN; NICHOLAS MILILLO, an individual; NICOLAS MENDIOLA, an individual; JORDAN FALCON, an individual,

Plaintiffs - Appellants,

v.

SELECTIVE SERVICE SYSTEM; JOEL C. SPANGENBERG, as acting Director of Selective Service System,

Defendants - Appellees.

No. 24-7746

D.C. No.
2:24-cv-04016-AB-E

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
André Birotte, Jr., District Judge, Presiding

Argued and Submitted October 10, 2025
Pasadena, California

Before: RAWLINSON, MILLER, and JOHNSTONE, Circuit Judges.

The National Coalition for Men ("NCFM") and five of its individual

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

members appeal the Rule 12(b)(6) dismissal of their claim that the Military Selective Service Act's ("Act") male-only registration requirement violates equal protection under the Fifth Amendment. Because Plaintiffs lack Article III standing, we vacate the district court's grant of the 12(b)(6) motion and remand with instructions to dismiss this case without prejudice.

Plaintiffs have not shown that the named individual members have suffered a redressable injury. *See Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000). They allege that each individual is a male age 18 to 26 who "has recently registered for the military draft as is required of him as a male" and request injunctive and declaratory relief. But because each individual member has already completed the one-time registration, there is no ongoing injury that can be remedied by the prospective relief that plaintiffs seek. *See Renee v. Duncan*, 686 F.3d 1002, 1013 (9th Cir. 2012) (plaintiffs must show that a court decision would cause a "change in legal status" that would "directly redress[] the injury suffered"); *Summers v. Earth Island Inst.*, 555 U.S. 488, 495 (2009) (rejecting standing based on a "past injury rather than imminent future injury that is sought to be enjoined"). And no individual has alleged facts suggesting that he intends to move or update his registration information before 26, so any injury based on a continuing obligation to keep one's contact information up to date with the Selective Service is too speculative to confer standing. *See Lujan v. Defs. of*

*Wildlife*, 504 U.S. 555, 564 (1992).

Plaintiffs have also not shown that NCFM has associational standing. NCFM alleges that "[s]ome of NCFM's members are males 18-26 or who will be 18-26 at some time relative to this lawsuit" and are thus subject to the Act, but NCFM does not specifically identify any individual members who would have standing to sue on any grounds other than the named individuals, all of whom have already registered. *See Summers*, 555 U.S. at 498 (plaintiff-organizations must "make specific allegations establishing that at least one identified member had suffered or would suffer harm"); *Associated Gen. Contractors of Am., San Diego Chapter, Inc. v. Cal. Dep't of Transp.*, 713 F.3d 1187, 1194–95 (9th Cir. 2013). Accordingly, neither this Court nor the district court has subject-matter jurisdiction to hear this case.[1]

**VACATED and REMANDED with instructions to dismiss without prejudice for lack of standing.**[2]

[1] For the first time on appeal, NCFM suggests it has organizational standing. *See FDA v. All. for Hippocratic Med.*, 602 U.S. 367, 393–94 (2024). Because it did not plead facts sufficient to establish organizational standing in its complaint, it does not change our conclusion. *See id.* at 395.

[2] Each side shall bear its own costs on appeal.